RENDERED: MAY 9, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1202-MR

ERIKA SHIELDS                            APPELLANT

                 APPEAL FROM JEFFERSON CIRCUIT COURT
v.               HONORABLE SARAH E. CLAY, JUDGE
                    ACTION NO. 21-CI-004780

THE ESTATE OF TREVON L.
MITCHELL, BY AND THROUGH
PERSONAL REPRESENTATIVE,
DANITA MITCHELL; AIDAN
COLMORE; BENJAMIN SULLIVAN;
BRENT BERNIER; JOSEPH NETT;
LARRY WILLIAMS; THE ESTATE
OF JOHN CEDRIC ROBINSON, JR.,
BY AND THROUGH
ADMINISTRATRIX LENA NEELY;
AND WALTER JACKSON                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND EASTON, JUDGES.

THOMPSON, CHIEF JUDGE: Erika Shields appeals from two orders, one which

denied her motion for a protective order to preclude her deposition, and one which

ordered her counsel to provide possible deposition dates. Appellant argues that she should not have to sit for a deposition in the underlying case as she is not a party to the case, and she has no pertinent information to provide. We find no error and affirm.

**FACTS AND PROCEDURAL HISTORY**

Appellant is the former Chief of the Louisville Metro Police Department ("LMPD") and is not a party to the underlying action. The underlying action revolves around a police vehicle's pursuit of a fleeing motorist. The motorist eventually sped into an intersection and caused an accident resulting in several injuries. The accident occurred on July 6, 2021. In August of 2021, the people injured in the accident filed suit against the LMPD and the officers involved in the pursuit. The Plaintiffs alleged that the pursuit went against police department policies and procedures; therefore, the officers involved acted negligently and played a role in causing the accident. On April 6, 2022, Appellant directed the Professional Standards Unit ("PSU") to conduct an investigation into the events surrounding the pursuit and accident, as well as investigate the officers involved. Appellant resigned from the LMPD on January 2, 2023. The PSU issued its findings on the investigation on February 8, 2023.

The Plaintiffs in the case were able to depose the current Chief of the LMPD, who was the person tasked with disciplining the officers involved in the

pursuit, but Plaintiffs also wanted to depose Appellant. The Plaintiffs' theory was that since Appellant was the Chief of Police at the time of the accident and was the person who initiated the investigation into the circumstances surrounding the pursuit and accident, she may have relevant information.

Plaintiffs attempted to depose Appellant but were unable to get her cooperation. On September 6, 2023, Appellant moved for an order of protection in order to not have to take part in a deposition in the case. Appellant, via affidavit, claimed that she had no relevant knowledge surrounding the events of accident. She also stated that the only role she played in the PSU investigation was initiating it. A short hearing was held, and the court ruled from the bench that the motion for protective order was denied. A written order soon followed. Around a month later, the court ordered that Appellant provide Plaintiffs' counsel with days she would be available for a deposition. This appeal followed.[1]

## ANALYSIS

Appellant's first argument on appeal is that the trial court should have granted her motion because at the time of the accident, she was a high-ranking government official, and she should not be subject to deposition. Appellant cites to federal case law which describes a doctrine known as the "apex doctrine." This

---

[1] "A trial court order denying a nonparty's motion to quash a discovery request is a final and immediately appealable judgment." *Allstate Property & Casualty Insurance Company v. Kleinfeld*, 568 S.W.3d 327, 333 (Ky. 2019) (footnote and citation omitted)

doctrine states that high-ranking government officials and high-ranking corporate executives should not be subjected to the taking of depositions absent extraordinary circumstances. *See United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 316 (D.N.J. 2009); *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012).

Kentucky has not adopted the "apex doctrine." "[F]ederal case law construing federal rules (even those similar to our state court rules) does not control how we construe our state court rules." *Jaroszewski v. Flege*, 297 S.W.3d 24, 40 n.31 (Ky. 2009). Seeing as we are not bound by federal case law, we decline to adopt the "apex doctrine" and will rely solely on our state rules of discovery.

Appellant's other argument on appeal is that she has no personal knowledge of any facts surrounding the accident or investigation, and that any potential information she might have could be gained from other sources, like the current Chief of the LMPD or the officers involved in the pursuit. She also claims that she now lives in Atlanta, Georgia, and has a full-time job; therefore, submitting to a deposition would be an inconvenience.

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and

-4-

> location of any books, documents, or other tangible
> things and the identity and location of persons having
> knowledge of any discoverable matter. It is not ground
> for objection that the information sought will be
> inadmissible at the trial if the information sought appears
> reasonably calculated to lead to the discovery of
> admissible evidence.

Kentucky Rules of Civil Procedure ("CR") 26.02(1).

> CR 26.03 states that a trial court may, upon motion
> and good cause shown, enter an order not allowing or
> placing limits on a requested deposition or other
> discovery request which justice requires to protect a party
> or person from annoyance, embarrassment, oppression,
> or undue burden or expense. . . . A protective order is
> within the full discretion and authority of the trial court
> and is appropriate only to prevent a party from
> annoyance, embarrassment, oppression, or undue
> expense or burden. We review this issue for abuse of
> discretion.

*Key v. CitiMortgage, Inc.*, 686 S.W.3d 630, 635 (Ky. App. 2023), *review denied* (Mar. 8, 2024) (internal quotation marks and citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

We agree with the trial court that Appellant has not provided good cause for why she should not be deposed. She was the Chief of the LMPD when the accident occurred and when the underlying lawsuit was filed. She was also the

person who initiated the PSU investigation. It is reasonable to believe she may have relevant information.

In addition, "a mere showing that discovery may involve some repetition, inconvenience, and expense is insufficient to establish good cause to limit the discovery sought." *Martin v. Dollar General Partners*, 706 S.W.3d 771, 776 (Ky. App. 2024), *review denied* (Dec. 12, 2024). Also, "a protective order against discovery is appropriate only upon proof that it is being conducted in bad faith or in such manner to annoy, embarrass, or oppress the person subject to the inquiry." *Volvo Car Corp. v. Hopkins*, 860 S.W.2d 777, 779 (Ky. 1993) (internal quotation marks omitted). Here, there is no allegation the deposition request is being made in bad faith or being done to harass Appellant. Further, while Appellant may suffer some inconvenience, all people who participate in a deposition are inconvenienced in some way. We do not believe missing work or generally being forced to spend time being deposed is an undue burden.[2]

## CONCLUSION

Based on the foregoing, we affirm the orders of the trial court. The court did not abuse its discretion in ordering Appellant to participate in a deposition.

---

[2] In one of the hearings in the record, an attorney for one of the plaintiffs stated that they were willing to go to Atlanta to depose Appellant in person. This would greatly decrease any expense or inconvenience on behalf of Appellant.

EASTON, JUDGE, CONCURS.

ACREE, JUDGE, CONCURS AND FILES SEPARATE OPINION.

ACREE, JUDGE, CONCURRING: I concur in the Opinion but write separately to raise the question of mootness given the continuation of the case beyond trial while this Court reviewed Appellant's appeal.

Appellant filed her notice of appeal on October 12, 2023. One month later, on November 14, 2023, a ten-day trial commenced in the underlying case. Opinion and Order Granting New Trial, In Part, at 2, *Estate of Trevon Mitchell v. Benjamin Sullivan*, No. 21-CI-004780 (Jefferson Cir. Ct. Jul. 29, 2024). On December 1, 2023, a jury returned a verdict awarding damages to all but one plaintiff in the amount of $30,740,748.41, apportioned 97% to the defendant whose collision with the plaintiffs below led to their injuries and 3% to the police officer who pursued him. Order of Judgment at 10-11, *Estate of Mitchell*, No. 21-CI-004780 (Jefferson Cir. Ct. Mar. 5, 2024).

On July 29, 2024, the trial court granted plaintiffs' motion for a new trial, acknowledging some of its evidentiary rulings had the potential for prejudicing the jury against the defendant driver who collided with the plaintiffs' vehicles. However, the trial court limited the issue to be addressed in the new trial:

> [T]he Court finds it appropriate to limit the new trial to a partial new trial solely on the issue of apportionment. As apportionment is concerned only with the nature of the conduct and the extent of the causal relationship between

-7-

that conduct and the damages, the scope of relevant evidence will be much more limited in the partial new trial. The Court invites the parties to assist the Court in narrowing the scope of admissible evidence in this partial new trial by drafting well-reasoned motions *in limine*.

Opinion and Order Granting New Trial, In Part, *supra*, at 5.

Although this Court's Opinion will bind the trial court to the law of the case, the *facts of this case* relative to the need to depose Appellant Erika Shields almost certainly have changed. *Hutson v. Commonwealth*, 215 S.W.3d 708, 715 (Ky. App. 2006) ("law of the case doctrine . . . [does not] make the facts of the case immutable"). Although the trial court must follow the legal path this Opinion charted, it is not prohibited from revisiting and even ruling differently based on those changed facts.

At the very least, the trial court would be wise to include Appellant's counsel in its invitation "to assist the Court in narrowing the scope of admissible evidence[.]"

Notwithstanding these considerations, I fully concur in the Opinion.

BRIEFS FOR APPELLANT:

Michael J. O'Connell
Jefferson County Attorney

Kristie B. Walker
Assistant Jefferson County Attorney
Louisville, Kentucky

BRIEF FOR APPELLEES ESTATE
OF TREVON L. MITCHELL, BY
AND THROUGH PERSONAL
REPRESENTATIVE, DANITA
MITCHELL; WALTER JACKSON;
AND BRENT BERNIER:

Kevin C. Burke
Jamie K. Neal
James M. Bolus, Jr.
Ben Pittenger
Louisville, Kentucky